JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES—GENERAL**

Case No.   2:11-cv-04784-JHN-RZx                                Date:  February 21, 2012
Title:        Maria R. Velasco et al. v. Aurora Loan Services LLC, et al.

Present:  The Honorable JACQUELINE H. NGUYEN

|  Alicia Mamer  | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter/Recorder | Tape No. |

Attorneys Present for Plaintiffs:            Attorneys Present for Defendants:
           Not Present                                             Not Present

**Proceedings:** ORDER DISMISSING FEDERAL CLAIMS AND REMANDING STATE CLAIMS (In Chambers)

The matter is before the Court on Defendant Aurora Loan Services' ("Defendant" or "Aurora") Motion to Dismiss ("Motion").  (Docket no. 24.)  Plaintiffs Maria R. Velasco and Jose M. Velasco ("Plaintiffs") filed an Opposition (docket no. 27), and Defendant filed a Reply.  (Docket no. 33.)  The Court has reviewed and considered the pleadings filed in connection with the Motion, and deems the matter appropriate for decision without oral argument.  *See* Fed. R. Civ. P. 78(b); Local Rule 7-15.  **Accordingly, the hearing set for February 27, 2012 is removed from the Court's calendar**.  For the reasons discussed below, the Motion is GRANTED as to the federal claims and REMANDED as to the state claims.

I.   BACKGROUND

On February 14, 2011, Plaintiffs filed an action in Los Angeles Superior Court alleging various causes of action in connection with efforts to modify their home loan.  (Notice of Removal, docket no. 1.)  On June 6, 2011, Defendant removed this case to federal court.  (Docket no. 1.)  On September 13, 2011, Plaintiffs filed a First Amended Complaint ("FAC"), alleging the following eleven causes of action:  (1) declaratory relief; (2) violation of the Security First Rule (Cal. Civ. Code § 726); (3) breach of oral contract; (4) breach of written special forbearance agreement; (5) breach of written contract; (6) negligence; (7) negligent misrepresentation; (8) fraud; (9) violation of California's Unfair Competition Law,

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES—GENERAL**

| | |
|---|---|
| Case No. 2:11-cv-04784-JHN-RZx | Date: February 21, 2012 |
| Title: Maria R. Velasco et al. v. Aurora Loan Services LLC, et al. | |

Cal. Bus. & Prof. Code § 17200, *et seq*.; (10) breach of the covenant of good faith and fair dealing; (11) violation of Cal. Civ. Code § 1632.

II. LEGAL STANDARD

Rule 12(b)(6) permits a defendant to seek dismissal of a complaint that "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In evaluating a motion to dismiss, the Court generally cannot consider material outside the complaint, such as facts presented in briefs, affidavits, or discovery materials, unless such material is alleged in the complaint or judicially noticed. *McCalip v. De Legarret*, No. 08-2008, U.S. Dist. LEXIS 87870, at *4 (C.D. Cal. Aug. 18, 2008); *see Jacobson v. AEG Capital Corp.*, 50 F.3d 1493, 1496 (9th Cir. 1995). The Court must accept as true all material factual allegations in the complaint and construe them in the light most favorable to the plaintiff. *Nursing Home Pension Fund, Local 144 v. Oracle Corp.*, 380 F.3d 1226, 1229 (9th Cir. 2004). However, this tenet is inapplicable to legal conclusions. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). The Court need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id*. Instead, a complaint must contain sufficient factual matter to make its allegations plausible. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal*, 129 S. Ct. at 1949 (citations and quotation marks omitted). The Court, based on judicial experience and common sense, must determine whether a complaint plausibly states a claim for relief. *Id.* at 1950.

III. DISCUSSION

Plaintiffs' FAC contains general factual allegations regarding the creation and purpose of HAMP. (FAC ¶¶ 46—75.) However, only Plaintiffs' first, fourth, fifth, ninth and tenth causes of action specifically refer to HAMP, its guidelines, or related regulations.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES—GENERAL**

| | |
|---|---|
| Case No.   2:11-cv-04784-JHN-RZx | Date:  February 21, 2012 |
| Title:   Maria R. Velasco et al. v. Aurora Loan Services LLC, et al. | |

Plaintiffs' first cause of action for declaratory relief requests "a judicial determination of Plaintiff's rights, obligations and duties, and a declaration of whether they qualify for a HAMP guideline payment, as originally offered." (FAC ¶ 82.) In their fourth cause of action, Plaintiffs allege that, pursuant to at least two separate written workout agreements, "Plaintiffs agreed to make monthly payments in exchange for Aurora's agreements not to foreclose on the subject property and to offer a permanent loan modification if the trial plan was followed." (*Id*. at ¶ 94.) According to Plaintiffs, "Aurora breached the [w]orkout contracts with Plaintiffs by failing to offer Plaintiffs a permanent HAMP modification after payment of the trial period payments were made in full and by foreclosing on the subject property." (*Id*. at ¶ 96.) Plaintiffs' fifth cause of action alleges that Plaintiffs are intended third-party beneficiaries of a Servicer Participation Agreement ("SPA") between Aurora and Fannie Mae, established pursuant to HAMP requirements. (*Id*. at ¶¶ 99—101.) Plaintiffs contend that Aurora breached the SPA by, inter alia, failing to apply HAMP criteria to Plaintiffs' loan and to suspend foreclosure proceedings until a HAMP analysis had been completed. (*Id*.) In their ninth cause of action, Plaintiffs contend that Aurora's failure to apply HAMP guidelines and prolonging the HAMP process constitute unfair and deceptive business practices in violation of California's Unfair Competition Law, Cal. Bus. & Prof. Code §17200, *et seq*. (*Id*. at 128—30.) Plaintiffs' tenth cause of action alleges that Aurora breached the covenant of good faith and fair dealing in its workout contracts with Plaintiffs by failing to respond to Plaintiffs' requests for modification, failing to follow HAMP guidelines for determining Plaintiffs' eligibility for modification, and failing to dedicate sufficient resources to properly operate the HAMP program. (*Id*. at ¶¶ 138—39.)

"Numerous district courts within the Ninth Circuit have ruled that there is no express or implied private right of action to sue lenders or loan servicers for violation of HAMP." *Cleveland v. Aurora Loan Serv., LLC, et al.*, No. 11-0773, 2011 WL 2020565, at *4 (N.D. Cal. May 24, 2011) (collecting cases); *see also Carlos v. Bank of Amer. Home Loans, et al*., No. 10-1966, 2011 WL 166343, at *1 (C.D. Cal. Jan. 13, 2011) ("[I]t is well established that there is no private cause of action under HAMP" (quoting *Singh v. Wells Fargo Bank*, 2011 WL 66167 at *7 (E.D. Cal. Jan. 7, 2011)) (quotation marks omitted)). Because Plaintiffs have no

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES—GENERAL**

| | |
|---|---|
| Case No.   2:11-cv-04784-JHN-RZx | Date:  February 21, 2012 |
| Title:     Maria R. Velasco et al. v. Aurora Loan Services LLC, et al. | |

private right of action against Aurora under HAMP, their claims fail to the extent they are predicated on allegations that Defendant violated HAMP regulations or denied Plaintiffs a loan modification.  For the same reason, the Court has "no basis upon which to make a judicial determination of [Plaintiffs'] 'rights, obligation, and duties, and a declaration as to whether [they] qualify for a HAMP guideline payment, as originally offered,'" as requested in Plaintiffs' claim for declaratory relief.  *Cleveland*, 2011 WL 2020565, at *5.

Moreover, "numerous courts have determined that individual borrowers do not have standing to sue under a HAMP SPA because they are not intended third-party beneficiaries of the SPA."  *Cleveland*, 2011 WL 2020565 at *4 (collecting cases); *see also Hoffman v. Bank of Amer., N.A.*, No. 10-2171, 2010 WL 2635773, at *3 (N.D. Cal. June 30, 2010) (collecting cases).  As borrowers, Plaintiffs lack standing to pursue their breach of written contract claim, based on the SPA between Aurora and Fannie Mae, as they are not intended third-party beneficiaries of any HAMP contract between the government and a loan servicer or lender.  *See Cleveland*, 2011 WL 2020565, at *5.

Accordingly, Plaintiffs' first, fourth, fifth, ninth, and tenth causes of action fail to state a claim to the extent each is premised on violation of HAMP guidelines, denial of a HAMP-based loan modification, or breach of the SPA between Aurora and the government.

Plaintiff's HAMP-based claims supply the only basis for federal question jurisdiction over this matter. [1]  "[A] court may decline to exercise supplemental

---

[1] Insofar as Plaintiffs' remaining state law claims generally incorporate or turn on allegations of behavior not in conformity with HAMP, these issues "do not reach the level of substantiality to support exercise of federal jurisdiction."  *Carlos v. Bank of Am.*, No. 10-1966, 2011 WL 166343, at *1 (C.D. Cal. Jan. 13, 2011) ("In determining whether federal jurisdiction attaches to a state law claim that is predicated on violations of federal law, . . . [i]t is not enough that the court may have to interpret federal laws or regulations."  Rather, "'[a]rising under'

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES—GENERAL**

Case No.   2:11-cv-04784-JHN-RZx                             Date:  February 21, 2012

Title:     Maria R. Velasco et al. v. Aurora Loan Services LLC, et al.

jurisdiction where it 'has dismissed all claims over which it has original jurisdiction.'" *Cleveland*, 2011 WL 2020565 at *5 (quoting 28 U.S.C. § 1367(a)(c)).  "In the usual case in which federal law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state law claims." *Gini v. Las Vegas Metro. Police Dep't*, 40 F.3d 1041, 1046 (9th Cir. 1994).  Here, the Court finds no reason to exercise supplemental jurisdiction over Plaintiffs' remaining state law claims.  Therefore, the Court REMANDS the action to Los Angeles Superior Court.

   IV.   CONCLUSION

Accordingly, Defendant's Motion is GRANTED IN PART.  Plaintiffs' first, fourth, fifth, ninth, and tenth causes of action are DISMISSED WITH PREJUDICE to the extent they are predicated on alleged HAMP violations or breach of the SPA between Defendant and the federal government.  *See Bowles v. Reade*, 198 F.3d 752, 757 (9th Cir. 1999) ("Liberality in granting a plaintiff leave to amend is subject to the qualification that the amendment . . . is not futile."). **Plaintiffs' remaining causes of action are purely state-law claims, and are hereby REMANDED to the Los Angeles County Superior Court.**

IT IS SO ORDERED.

___ : N/A<br>Initials of Preparer   AM

---

jurisdiction exists only 'where the vindication of a right under state law necessarily turn(s) on some construction of federal law'") (quoting *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 808 (1986)); *see also Arizona v. Countrywide Fin. Corp.*, No. 11-131, 2011 WL 995963, at *4 (D. Ariz. Mar. 21, 2011) ("Even if a part of the State's claims alleges violations of HAMP, that by itself is not enough to invoke 'arising under' jurisdiction.").